■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GLASS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 18, 1985, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Marvin Weinstein was arrested after selling cocaine to undercover police officers, and following the arrest, telephoned the defendant at the behest of the police. The evidence, including the recorded conversation of that call, as well as a recording of a later meeting between Weinstein and the defendant, at which the defendant asked for and received the proceeds of the recently consummated sale, was sufficient to allow the jurors to draw an inference that the defendant was the unnamed accomplice and supplier to whom Weinstein had so frequently referred during recorded telephone negotiations with one of the undercover officers preceding the sale. The evidence, when viewed in its totality, and in the light most favorable to the prosecution, proved beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crimes charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the seller to commit the crimes of criminal sale and possession of a controlled substance *(see,* Penal Law § 20.00; *People v Karchefski,* 102 AD2d 856; *see*

*also, People v Di Napoli,* 66 NY2d 812). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). We have examined the defendant's remaining contentions and find them to be without merit or unpreserved for our review. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.