■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ROSE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's claim that the proof was legally insufficient to disprove the agency defense. Defendant had no previous acquaintance with the buyer and undercover officer. The officer testified that defendant repeatedly referred to the seller as "my man", that defendant knew when the

seller would arrive at the parking lot, and that defendant touted the quality of the substance *(see, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935; *People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958).

The trial court did not err in admitting the undercover officer's testimony regarding observations of defendant subsequent to the sale and prior to arrest. The requirements of CPL 710.30 do not apply to inadvertent and casual observations made on a public street by one who previously observed defendant during the transaction at issue *(People v Gissendanner,* 48 NY2d 543, 552). (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal sale of controlled substance, third degree, and another charge.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.