■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN SEAY, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J., at *Sandoval* hearing and jury trial) rendered April 28, 1989, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him as a second felony offender to 5 to 10 years imprisonment, unanimously affirmed.

Defendant's claim that the verdict was against the weight of the evidence because the People failed to disprove his agency defense is without merit. Evidence before the jury was that the undercover officer, after asking defendant if he had any "nickel" or $5 vials of crack cocaine, was told by defendant, "My man's got it." Defendant then escorted the officer to "his man", and directed "his man" to give him four vials, which defendant handed to the officer in exchange for $20 in prerecorded buy money. As the officer began to walk away with the drugs, defendant demanded and received a dollar (in prerecorded buy money) for taking the officer to defendant's "man". When defendant demanded "one more", the officer gave him still another dollar (again in prerecorded buy money). Although defendant's "man" was not subsequently apprehended by the officer's back-up team, in a search incident to defendant's own arrest within 10 to 15 minutes after the transaction, the two dollars in prerecorded buy money was recovered from defendant.

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's verdict was amply supported by the evidence, given appropriate weight by the jury *(People v Bleakley,* 69 NY2d 490). That an alternative view of the evidence was possible *(i.e.,* that defendant may have acted as an agent for the seller), does not render the evidence insufficient as a matter of law *(People v Ford,* 66 NY2d 428). As the agency defense is generally a factual question to be determined by the jury *(People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935), and as the jury's factual determination rejecting that defense is not unreasonable, the verdict will not be disturbed by this court *(see, e.g., People v Barnes,* 50 NY2d 375).

Likewise without merit is defendant's claim that the trial court abused its discretion in refusing to employ a probative value/prejudice balancing test regarding the admission of defendant's prior felony conviction in connection with the sale of cocaine to rebut his agency defense. The record indicates that the trial court did employ such a test, appropriately finding that although the admission of such evidence was "somewhat prejudicial to the defendant," it was properly admissible as highly probative of intent where an agency defense is presented to the jury *(see, e.g., People v Monahan,* 114 AD2d 380). Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.