■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARSENIO DIAZ, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered November 3, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him as a predicate felony offender to a term of imprisonment of from 4-½ to 9 years, unanimously affirmed.

The People's proof at trial was that defendant attracted the attention of an undercover officer on the street and asked her if she wanted some powder, which she understood to mean cocaine. The officer, who was in the area on an unrelated investigation, told defendant that she would have to get some money. She walked away, informed her backup team of the conversation, and returned a few minutes later. She ascertained the price of a gram, whereupon defendant went into the building and returned with a packet of cocaine. At her request, he opened it so that she could check the contents. She then signalled her backup team, who arrived within seconds and arrested defendant. Defendant testified that he procured the cocaine only as a favor to the undercover, who had initiated the entire transaction. He claimed that a man sitting on a nearby stoop took him up to a third floor apartment, where the man weighed a gram of cocaine and gave it to him, but that he never gave any money to this unidentified man in exchange for the cocaine or took any from the undercover officer.

Viewing the evidence in the light most favorable to the People (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's argument that the People failed to disprove his agency defense beyond a reasonable doubt is without merit. Whether defendant was operating solely as the buyer's agent was a question of fact for the jury (People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935), and as their rejection of the agency defense was not unreasonable, the verdict will not be disturbed (People v Seay, 176 AD2d 192). The failure of the two backup officers to corroborate the undercover officer's account of the discussion of the price of the cocaine, despite her testimony that she had activated her radio during that conversation, did not render her testimony incredible, and the jury was entitled to credit her account of the transaction notwithstanding this discrepancy in the testimony (People v Mosley, 112 AD2d 812, affd 67 NY2d 985).

The court did not abuse its discretion in refusing to give a missing witness charge with respect to the third officer who was part of the backup team. While the officer was present in the car with the two backup officers who did testify, by defendant's own admission, in his request to charge, the uncalled officer could have been expected to testify in precisely the same manner as the others. Since his testimony would have been cumulative, the charge was not warranted *(People v Gonzalez,* 68 NY2d 424, 430). Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.