(July 9, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELSO GOMEZ, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), entered January 26, 1989, which, after a jury trial, found the defendant guilty of criminal sale of a controlled substance in the third degree and sentenced him, as a predicate felon, to 4½ to 9 years in prison, is affirmed.

Defendant was tried and found guilty of acting in concert with another in the sale of cocaine to an undercover police officer. Defendant's sole argument on appeal is that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People, as we must *(People v Malizia,* 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]), the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

The evidence was that on November 13, 1988 around 2:30 P.M. an undercover police officer got out of a car around 89th Street and Amsterdam Avenue in Manhattan. He was in street clothes. As the undercover approached 90th Street and Amsterdam Avenue, he met the defendant who was standing on the corner. The undercover approached the defendant and asked him if he had "bottles," a name referring to "crack"

cocaine. The defendant asked, "How many?" The undercover replied, "Four." Defendant then said, "Let's go over to my man." The two men then walked approximately three blocks on Amsterdam to the area between 93rd and 94th Streets. They approached a male at that location and the defendant told the male to give four to the undercover. The male took four vials of cocaine from an umbrella, handed them to the undercover and received twenty dollars of prerecorded buy money from the undercover in return. When the undercover began to walk away, defendant followed him and asked for a dollar. The undercover gave him a dollar. Both defendant and the other male, Lester James, were arrested.

In contrast to this testimony by the undercover, the defendant testified that the undercover approached him and asked where he could buy "crack". The defendant told him at a project on 93rd and Amsterdam Avenue. The undercover asked defendant to show him where to purchase it and the two proceeded to the area.

The evidence created a factual issue as to whether the defendant was acting in concert. The jury believed the evidence presented by the People which was sufficient to establish defendant's guilt beyond a reasonable doubt. Concur— Sullivan, Rosenberger, Kassal and Smith, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse the judgment and dismiss the indictment.

Appellant was convicted after a jury trial of criminal sale of a controlled substance in the third degree and sentenced to serve a minimum of 4½ years for his limited role in assisting an undercover officer to purchase four vials of crack cocaine. In my view, the People failed to prove beyond a reasonable doubt that appellant had the requisite mental culpability to be held criminally liable as an accomplice of the seller. There is insufficient evidence of any connection between the defendant and the seller.

Appellant is an admitted crack user. He was standing alone on the corner of 90th Street and Amsterdam Avenue in Manhattan in mid-afternoon, having spent the earlier part of the day smoking crack and watching television at a friend's nearby apartment.

Undercover police officer Santana testified that he approached appellant, and attempted to appear "hyper," as though he were a crack user in need of a fix. Officer Santana then asked appellant if he had "any bottles," which is street slang for crack. Appellant responded, "How many?", and

officer Santana answered "Four." Appellant then said, "Let's go over to my man." Appellant and officer Santana walked several blocks to where Lester Simms was standing in front of a Chinese restaurant.

Appellant introduced officer Santana to Simms, and, according to the officer's testimony, told Simms that Santana wanted "four". Officer Santana gave Simms twenty dollars in prerecorded buy money and received four vials of crack from Simms. After the transaction, officer Santana gave one dollar in prerecorded buy money to appellant, who, according to officer Santana, requested it. Appellant neither handled the buy money nor the drugs. His testimony differed in several key respects from that of the officer, but we must view the evidence in a light most favorable to the prosecution *(People v Kennedy,* 47 NY2d 196).

The back-up team then arrested both appellant and Simms. Appellant had in his possession only the one dollar in prerecorded buy money and a pipe with crack residue. Simms pleaded guilty and received a minimum sentence of one and one-half years.

The jury acquitted appellant of the possession charge, but convicted him of criminal sale of a controlled substance in the third degree. Appellant did not raise an agency defense at trial, but argued only that he did not act in concert with Simms.

On this record, the evidence is insufficient to support appellant's conviction for criminal sale of a controlled substance. There is no evidence that appellant shared Simms' criminal intent, acted in concert with Simms, or was a paid "steerer." The proof was insufficient as a matter of law to prove that appellant was an accessory of the seller *(see, People v Glass,* 133 AD2d 705, *lv denied* 70 NY2d 932; *People v Reyes,* 82 AD2d 925).

There was no evidence of a coordinated and mutual purpose between the seller and appellant *(see, People v Steel,* 130 AD2d 601, *lv denied* 70 NY2d 706). Indeed, the evidence established no more than that appellant had been a customer of the seller.

Rather it appears that appellant was a habitual crack user who tried to assist what appeared to him to be a fellow crack user—one lost soul "helping" another. Given the equivocal nature of the verbal exchanges, the role of appellant is that of an accessory of the buyer.

There is a disproportionality here between the level of

criminal activity and the magnitude of the crime of which appellant stands convicted. The evidence could support a conviction for appellant's accessorial criminal possession of the four vials of cocaine that were purchased by the officer, but the jury acquitted defendant of the possession charge. Therefore, the judgment should be reversed and the indictment dismissed.