[612 NYS2d 580]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CORPORAN, Also Known as JUAN CORPORAM, Appellant.

First Department, June 7, 1994

## APPEARANCES OF COUNSEL

*Jerome H. Diamond* for appellant.

*Rona Reinberg* of counsel *(Mark Dwyer* with her on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

## OPINION OF THE COURT

Tom, J.

During a buy-and-bust operation conducted in upper Manhattan, Detective Carl Hall approached Evilio Cuello and Gabriel Ventura in the vicinity of 160th Street and Broadway and expressed an interest in purchasing three ounces of cocaine. Cuello and Ventura led Hall to defendant, who indicated that he recognized Hall and that he would arrange for the sale with his "brother" after a uniformed officer who was nearby left the block. The "brother" was apparently not related to defendant. During this time, Hall testified that defendant quoted a price of $500 per ounce for the cocaine.

Defendant's brother subsequently arrived and the men entered a restaurant. Once inside, Hall stated to defendant and

the brother that he was interested in purchasing one-half kilo of cocaine, to which the brother replied that a subsequent sale could be arranged if he liked the quality of the three ounces.

A short time later, defendant, Hall, Cuello and the brother met in a nearby apartment where Hall was given the three ounces of cocaine in exchange for which he gave defendant $1,500 in prerecorded buy money. After the buy, Hall exited the apartment.

Approximately two hours later, Detective Diaz, a member of Hall's backup team, executed a search warrant on the apartment but found no money, contraband or people. Diaz thereafter arrested defendant and Cuello a short distance away, and Hall thereafter identified defendant. Chemical evidence established the presence of two and seven-eighths ounces of cocaine in the glassine bag purchased by Hall.

Defendant subsequently retained private counsel who purportedly abandoned him without making a motion to be relieved. As a result, on January 24, 1990, the IAS Court appointed Philip Edelbaum, Esq. for defendant's trial representation. Defendant contends that he cannot speak English. At the hearing on January 24, 1990, an interpreter was available through whom defendant was read his *Parker* warnings and was told that he must appear in court, ready for trial, on the 20th of February. The court also advised defendant that if he failed to appear, the trial would be conducted without him and that defendant would be giving up the right to assist his lawyer, to confront witnesses, and the opportunity to testify as well as other rights. Defendant, through the interpreter, acknowledged that he was aware he must appear on that date.

On February 20, 1990, defendant failed to appear and a bench warrant was issued for his arrest. The case was adjourned. Prior to trial, on June 12, 1990, defendant's counsel requested a continuance alleging, *inter alia,* that defendant did not understand English and, therefore, was not aware of the consequences of his actions. The prosecutor countered that defendant had a motive to feign his lack of understanding of English, that witnesses would testify to defendant's ability to comprehend English, and that other witnesses would testify that defendant fled to Puerto Rico to avoid prosecution. The court denied the continuance and tried defendant in absentia. Defendant was thereafter convicted and sentenced.

█ In the first instance, defendant's contention that there

was sufficient evidence to warrant the submission of an agency charge to the jury is meritless as no reasonable view of the evidence exists to indicate that defendant acted only as an accommodation for, or on behalf of, the purchasing police officer *(see, People v Herring,* 83 NY2d 780; *People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *People v Argibay,* 45 NY2d 45, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935). Rather, the evidence shows that defendant negotiated the price and quantity of the cocaine sold to the undercover officer, and personally received and counted the purchase money.

■ Secondly, defendant knowingly and voluntarily waived his right to be present at trial *(People v Parker,* 57 NY2d 136; *People v Sanchez,* 65 NY2d 436; *People v Roe,* 196 AD2d 899, *lv denied* 82 NY2d 902). There is no reason to disturb the IAS Court's finding that an interpreter adequately conveyed the court's warnings to defendant and that defendant, through the interpreter, acknowledged those warnings. The court, in reaching its conclusion, also took into consideration the lapse of time, and the fact that defendant was outside the jurisdiction, in Puerto Rico, where he was not in custody and, therefore, not readily extraditable. The court was also entitled to credit the prosecutor's representations that witnesses would establish that defendant fled the jurisdiction to avoid prosecution and that defendant understood English, especially in light of the fact that he had no trouble communicating with Hall, who speaks no Spanish, during the drug transaction in question and subsequently gave the undercover officer his beeper number.

■ However, defendant's conviction for attempted criminal sale of a controlled substance in the first degree was in error. If the foregoing count was predicated on the never-consummated sale of the half kilo, the evidence is legally insufficient to support a conviction. It has long been settled that in distinguishing punishable attempts from the mere preparation to commit a crime, a line must be drawn between those acts which are remote and those acts which are near and proximate to the crime *(see, People v Acosta,* 80 NY2d 665; *People v Rizzo,* 246 NY 334). In this State, we have adhered to the rule that the acts must be " 'very near' " or " 'dangerously near' " to attaining the criminal sale *(People v Acosta, supra,* at 670; *People v Mahboubian,* 74 NY2d 174; *People v Warren,* 66 NY2d 831).

In the instant action, no price was negotiated, no terms of delivery were discussed, no location was arranged for the sale, and defendant's connection to any such proposed sale was marginal at best. The undercover officer merely stated that he was interested in purchasing one-half kilo of cocaine and the brother's response was that they can discuss that later after the purchase of the three ounces of cocaine.

Further, the People cannot argue that the attempted sale count relates to the completed and charged sale of the three ounces of cocaine. Once the sale is consummated the charge of attempted sale is subsumed in the greater charge of the completed sale. The sale was completed, it was no longer an attempt, and, as a result, the attempt charge is duplicative. Therefore, defendant's conviction for attempted criminal sale of a controlled substance in the first degree is reversed, and defendant is remanded for resentencing in accordance herewith.

Accordingly, the judgment of Supreme Court, New York County (Richard Andrias, J.), rendered August 1, 1990, which, after a jury trial, convicted defendant Juan Corporan, also known as Juan Corporam, of attempted criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree, and which sentenced him to concurrent terms of 15 years to life, 5 years to life, and 5 to 15 years, respectively, unanimously modified to the extent that the conviction for attempted criminal sale of a controlled substance in the first degree is vacated, defendant is remanded for resentencing in accordance herewith, and otherwise affirmed.

ROSENBERGER, J. P., ROSS, RUBIN and NARDELLI, JJ., concur.

Judgment, Supreme Court, New York County, rendered August 1, 1990, unanimously modified to the extent that the conviction for attempted criminal sale of a controlled substance in the first degree is vacated, defendant remanded for resentencing, and otherwise affirmed.