■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIOGENES PEREZ, Also Known as GIOVANNI PEREZ, Respondent. [617 NYS2d 747] —Order, Supreme Court, New York County (Marcy L. Kahn, J.), entered April 16, 1993, which dismissed with leave to resubmit, an indictment charging defendant with criminal sale of a controlled substance in the third degree, unanimously reversed, on the law, the indictment is reinstated and the matter is remanded for further proceedings.

It is by now well settled that a Grand Jury need not be instructed with the same degree of precision or exactness as is required when a petit jury is instructed on the law (People v Darby, 75 NY2d 449, 454; People v Calbud, Inc., 49 NY2d 389, 394). Where a narcotics charge is under consideration, defendant is entitled to have a Grand Jury instructed regarding the agency defense if a reasonable view of the evidence exists to indicate that the defendant acted only as an accommodation for, or on behalf of, the purchasing police officer (see, People v Corporan, 200 AD2d 155, 158).

The Court of Appeals in People v Herring (83 NY2d 780, 782) held that "entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant". In addition, it was stated that a defendant may be guilty as a seller even if he or she does not receive any consideration for the transfer of the drugs to the buyer. Furthermore, solicitation or the lack of it is not dispositive and evidence that the defendant was acting as a "middleman" is not sufficient to warrant an agency defense charge (supra, at 782).

In this case as in People v Herring (supra), the defendant had no prior contact with the officer. When the officer approached the defendant and asked in street jargon if he "was working bottles" (in People v Herring [supra, at 783] the officer asked if the defendant had " 'any nickels' "), the defendant immediately responded in the affirmative and directed the officer to the co-defendant and called the co-defendant over. The defendant's behavior before and during the sale was consistent with that of a " 'steerer' " in a drug sales operation (People v Herring, supra, at 783). It was, therefore, error on the part of the hearing court to grant the defendant's motion to dismiss the indictment in this case on the ground that an instruction upon the agency defense was required. Concur—Carro, J. P., Wallach, Kupferman, Ross and Williams, JJ.