[619 NYS2d 717]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CORPORAN, Also Known as JUAN CORPORAM, Appellant.

First Department, December 6, 1994

## APPEARANCES OF COUNSEL

*Rona Feinberg* of counsel *(Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

*Jerome H. Diamond* for appellant.

## OPINION OF THE COURT

TOM, J.

The People move to reargue the decision and order of this Court, entered on June 7, 1994 (200 AD2d 155), which modified defendant's judgment of conviction. The People conceded that their police department chemist erred in her original lab report regarding the amount of cocaine sold by defendant. Pursuant to this error, defendant was indicted for selling 1⅞ ounces and 12 grains instead of 2⅞ ounces and 12 grains, which was the actual amount sold by defendant. However, the prosecutor chose not to reindict defendant after learning of the mistake and proceeded to trial on the original charges.

Defendant was convicted of criminal sale of a controlled substance in the second degree, attempted criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree.

This Court modified the judgment to the extent of vacating the conviction for attempted criminal sale in the first degree. On reargument, the People now seek to reinstate the conviction for attempted sale in the first degree, with which the dissent agrees.

The fallacy with the People's contention is that the defendant in this case cannot be convicted of both the attempted sale and the sale arising out of the same transaction since the failure to consummate the crime is a requisite to an attempt to commit such crime *(People v Cosad,* 253 App Div 104; *see also, People v Richette,* 33 NY2d 42, 47). Once the crime has been found to have been consummated, there can no longer be an attempt to commit that crime. The law is settled that in order for a defendant to be convicted of an attempted crime, his conduct must come " 'dangerously near' * * * consummation of the criminal act" *(People v Acosta,* 197 AD2d 448, quoting *People v Mahboubian,* 74 NY2d 174, 192).

It is undisputed that defendant completed the sale of the cocaine to the undercover officer and has been convicted of that sale. To endorse the People's position would lead to the untenable conclusion that a defendant can be convicted for attempting to sell something that he, in fact, sold and for which he was ultimately convicted.

The People's motion for leave to reargue the decision and order of this Court, which was entered on June 7, 1994 (200 AD2d 155, *supra),* is denied.

NARDELLI, J. (dissenting). I would grant respondent's motion for reargument.

Defendant was indicted for and convicted of criminal sale of a controlled substance in the second degree, attempted criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree. He was sentenced to concurrent terms of 5 years to life (criminal sale second is an A-II felony), 15 years to life (attempted criminal sale first is an A-I felony), and 5 to 15 years.

Defendant had negotiated with Detective Hall for the sale of three ounces of cocaine at $500 an ounce. Detective Hall gave him $1,500 and took a bag into which three ounces had been weighed out. The police laboratory examined the purchase and weighed it correctly but, as a result of a mathematical mistake in converting grains to ounces, it reported the purchase as 1⅞ ounces and 12 grains, instead of 2⅞ ounces and 12 grains. Two ounces or more is the statutory requirement (Penal Law § 220.43) for the crime of criminal sale of a controlled substance in the first degree. Consequently, defendant was indicted on the first count for sale second. He was also indicted for possession third and attempted sale first. Attempted sale first is an A-I felony. He was convicted of all three counts.

This Court vacated the conviction for attempted sale first, saying that "[o]nce the sale is consummated the charge of attempted sale is subsumed in the greater charge of the completed sale." (200 AD2d 155, 159.) Here, however, because of the laboratory mistake, the sale charge was a *lesser* charge, criminal sale of a controlled substance in the second degree, an A-II felony. Both attempted sale first and sale second might be subsumed in sale first, but neither is subsumed in the other. Here, there was no greater charge into which attempted sale first, the A-I felony, could be subsumed.

Defendant's safeguard here is that each count on which a defendant is tried must be a count charged in the indictment. The Grand Jury minutes show clearly, however, that the attempted sale first count was based on the attempt of defendant to sell three ounces, even though it was thought at the time of the indictment that only 1⅞ ounces were delivered. That, the attempt to sell three ounces, is the crime he was tried for pursuant to the second count.

The second count, charging attempted sale first, was tersely drafted, but there was no doubt as to what it referred to. CPL 200.50 (7) (a), which requires a plain and concise factual statement in each count, was not violated. And if defendant's counsel had any doubt as to what was charged, he could have requested a bill of particulars pursuant to CPL 200.95. Indictments which state only the bare elements of a crime are, in view of the availability of a bill of particulars, sufficient *(People v Mackey,* 49 NY2d 274, 278; *People v Iannone,* 45 NY2d 589, 597; *People v Fitzgerald,* 45 NY2d 574, 580).

The fact that an element of proof of the attempted sale was the sale that actually happened should not preclude conviction of both an attempt to sell three ounces and an actual sale of a lesser amount.

The unpublished order of this Court (M-3651) entered on November 1, 1994 is hereby recalled and vacated.

ROSENBERGER, J. P., Ross and RUBIN, JJ., concur with TOM, J.; NARDELLI, J., dissents in a separate opinion.

Motion for reargument of the decision and order of this Court entered on June 7, 1994 (200 AD2d 155) is denied and the unpublished order of this Court (M-3651) entered On November 1, 1994 is recalled and vacated.