■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR NIEVES, Appellant. [624 NYS2d 460] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered October 7, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove the defense of agency beyond a reasonable doubt is unpreserved for review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, it is without merit. While the defendant did not initiate the drug sale, there was evidence adduced at trial regarding the defendant's salesmanlike behavior, the absence of any prior relationship between the defendant and the undercover police officer who bought the drugs, and the discovery of one of the two $20 bills of prerecorded money in the defendant's pocket after his arrest. This evidence was sufficient for the jury to reject the agency defense *(see, People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *People v Ricks,* 183 AD2d 924).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum, supra; People v Udzinski, supra)* and, in any event, without merit. Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.