■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIAN PAGE, Appellant. [688 NYS2d 133] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered December 2, 1996, convicting defendant, after a jury trial, of

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years and a conditional discharge, respectively, unanimously affirmed.

Defendant was convicted of the sale of crack cocaine to an undercover officer in a buy and bust operation. The undercover testified that on May 22, 1996, he approached defendant as she stood on the sidewalk near the Jefferson Houses, located at East 114th Street and First Avenue in Manhattan. The undercover asked "Is anyone working?", to which defendant responded, "I could hook us up." The undercover said he had $20 to purchase cocaine, and defendant agreed to take the undercover to her "people." Defendant walked him into a courtyard in the Jefferson Houses, approximately 25 to 30 feet away. Defendant told the officer to "wait," and walked 20 feet away to speak to another female later identified as Sharon Washington. Washington approached the undercover and told him to "Give me the twenty." In defendant's presence, the undercover gave Washington $20 of prerecorded buy money in exchange for three green bags of crack, and left the area. Defendant and Washington were arrested a few minutes later, and the back-up team recovered $194, including the prerecorded buy money from Washington, and one green bag of crack from defendant.

Defendant's trial testimony was largely consistent with that of the undercover, except she asserted that after the transaction she complained to the undercover about not receiving a bag of crack for herself and the undercover told Washington to give defendant one, which Washington did. Additionally, defendant admitted that she had previously purchased drugs from Washington, and that Washington "didn't want me to go to no one else, she wanted me to get it from her." Although the court charged the jury on the defense of agency, the jury rejected the defense and convicted defendant of the abovementioned crimes.

Defendant argues on appeal that the People failed to disprove the agency defense beyond a reasonable doubt, or, alternatively, that the verdict was against the weight of the evidence. We disagree. A person who acts solely as the agent of the buyer in a narcotics transaction may not be convicted of the crime of selling narcotics (*People v Lam Lek Chong*, 45 NY2d 64, 73, *cert denied* 439 US 935). "The determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case." (*Supra,* at 74.) In

assessing the agency defense, the jury may consider such factors as "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction." (*Supra,* at 75; *see also, People v Ortiz,* 76 NY2d 446, 449.) Ultimately, the question turns on whether "the defendant can be said to have acted solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer." (*People v Ortiz, supra,* at 449.)

The evidence was legally sufficient to establish defendant's guilt beyond a reasonable doubt of acting in concert to sell narcotics, and to disprove her agency defense. Defendant admittedly had no previous relationship with the buyer, and thus, was assertedly acting on behalf of a complete stranger (*see, People v Herring,* 83 NY2d 780, 783; *People v Perez,* 209 AD2d 174). Further, she immediately understood and acted on the undercover's request as to whether anyone was "working", a strong indication that defendant was acting as a "steerer" in a drug selling operation (*see, People v Perez, supra; People v Windley,* 78 AD2d 55, 57-58, *lv denied* 53 NY2d 713). Significantly, she told the undercover that she would bring him to her "people" to obtain the drugs (*see, People v Gomez,* 185 AD2d 154, *lv denied* 80 NY2d 974; *People v Rose,* 152 AD2d 924, *lv denied* 74 NY2d 852), and further admitted that she had a prior relationship with Washington, with whom defendant was required to deal. Additionally, she accompanied the undercover to the precise location where Washington was located, discussed the transaction privately with Washington and was present during the actual exchange. Viewing the above evidence in a light most favorable to the People (*People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that a rational trier of fact could have concluded that defendant was guilty of selling narcotics and did not merely act as agent of the buyer (*see generally, People v Cabey,* 85 NY2d 417, 420). To be distinguished are those cases where the purported agent merely directs the buyer to the seller who accomplishes the sale (*see, People v Johnson,* 238 AD2d 267, *lv denied* 90 NY2d 894; *People v Lopez,* 213 AD2d 255, *lv denied* 85 NY2d 976).

The factors relied on by defendant as supporting her agency defense were either not dispositive, or merely raised issues of credibility for the jury to resolve. For example, the fact that defendant did not initiate the transaction (*People v Herring, supra,* at 782 ["solicitation or the lack of it is not dispositive"]),

or did not exhibit any overt salesmanlike behavior, does not mandate a rejection of the jury's verdict. Further, although defendant cites her receipt of one bag of crack as evidence that she only sought a "tip" to support her drug habit, rather than to profit from the transaction, the undercover steadfastly denied giving defendant any drugs. In any event, the purported agent's receipt of a benefit is only one factor for the jury to consider (*People v Lee*, 79 AD2d 641, 642) and may, depending on the circumstances, either support or refute the agency defense (*compare, People v Seay*, 176 AD2d 192, *lv denied* 79 NY2d 864, *with People v Metuxrakis*, 254 AD2d 304; *see generally, People v Lam Lek Chong, supra*, at 75).

In order to be considered an agent of the buyer, the agent "may act to procure what the buyer wants because the buyer has asked him to do so, but not out of any independent desire or inclination to promote the transaction" (*People v Argibay*, 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930; *see also, People v Windley, supra*). Further, an agent must not have any "direct interest in the contraband" (*People v Roche*, 45 NY2d 78, 85, *cert denied* 439 US 958). Here, defendant freely admitted her independent interest in the completion of the transaction so she could obtain drugs for herself. Having heard all the evidence, and having been instructed on the agency defense, the jury was entitled to reject defendant's testimony or to otherwise determine that defendant's interest in the transaction was commercial rather than personal. That an alternate view of the evidence exists does not render the evidence insufficient as a matter of law (*People v Seay, supra*, at 193; *see also, People v Ford*, 66 NY2d 428, 437).

The verdict was not against the weight of the evidence.

The court's supplemental instructions to the jury on the agency defense were not improper (*see generally, People v Job*, 87 NY2d 956, 957). Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.