■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO SANCHEZ, Appellant. [696 NYS2d 113] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered February 10, 1998, convicting defendant, after a jury trial, of two counts of burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's intent to commit a crime within the two vehicles he entered was amply established, and the evidence provided no innocent explanation for his entry. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER FORBES, Appellant. [696 NYS2d 10] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered March 20, 1997, convicting defendant, after a jury trial, of two counts of murder in the second degree, one count of attempted murder in the second degree and one count of manslaughter in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 25 years to life, 25 years to life, 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's motion to suppress his videotaped statement was properly denied. There was no evidence before the hearing court that the police intentionally delayed defendant's arraignment for the purpose of recording a videotaped statement before the indelible right to counsel attached. On the contrary, the delay between the arrest and the arraignment was reasonable for purposes of further investigation and defendant's right to counsel was not violated (*see, People v Roberson*, 249 AD2d 148, *lv denied* 92 NY2d 904). Moreover, there is no evidence of any delay in arraignment beyond that typically associated with arrest processing (*see, People ex rel. Maxian v Brown*, 77 NY2d 422). Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.