■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO E. VAUGHNS, III, Appellant. [708 NYS2d 534] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]). There is no merit to defendant's contention that the People failed to meet their burden of disproving defendant's agency defense. The People presented proof that defendant understood the language unique to drug transactions and acted as a seller, inviting the undercover officer to "come back any time twenty-four hours a day". Thus, the evidence establishes that defendant was not acting solely as an agent of the police; "[r]ather, the inevitable conclusion is that defendant was acting, if not as a principal seller, then at the very least as a middleman or broker for the supplier" (*People v Martinez*, 194 AD2d 999, 1001, *lv denied* 82 NY2d 899). Defendant failed to preserve for our review his contention that the court erred in instructing the jury with respect to the agency defense (*see*, CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant's contention that the People failed to establish that the substance involved in the transactions was cocaine also lacks merit. The People's forensic expert described the tests he performed to determine that the substance was cocaine but did not testify concerning the accuracy of the tests or how they determined the presence of cocaine. However, "[t]he failure to establish the accuracy of the standard does not render the evidence incompetent" (*People v Corchado*, 166 AD2d 279, *lv denied* 78 NY2d 954). The weight to be accorded that opinion testimony was for the jury to determine (*see, People v Corchado, supra*). Further, although the indictment alleged that defendant possessed and sold a certain quantity of cocaine, the People were not required to prove the quantity of cocaine involved with respect to any of the crimes with which he was charged. "Not every fact mentioned in an indictment is es-

sential to establish the defendant's guilt of the crime charged, and thus it is not necessary in every case that the People prove all acts alleged in the indictment when the remaining acts alleged are sufficient to sustain a conviction" (*People v Rooney*, 57 NY2d 822, 823; cf., *People v Orso*, 270 AD2d 947). Thus, the testimony of the expert that he tested only one of the two baggies involved in each of the transactions was sufficient to establish that the substance involved was cocaine.

County Court did not err in admitting the surveillance audiotape of the two drug transactions. The court properly redacted the inaudible portions of the tape that might have led to speculation concerning the conversation, and the remaining "brief inaudible portions of the tape [did] not render the conversation unintelligible or encourage speculation about its contents" (*People v Maderic*, 142 AD2d 892, 894).

There is no merit to the contentions of defendant that he was deprived of a fair trial by prosecutorial misconduct (*see, People v Rubin*, 101 AD2d 71, 77, lv denied 63 NY2d 711) or that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.