■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN R. RICHARDS, Appellant. [713 NYS2d 604] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and other drug-related offenses. Contrary to defendant's contention, the police did not interrogate defendant prior to advising him of his *Miranda* rights, which he waived. We reject the contention of defendant that the police intentionally delayed his arraignment for the purpose of depriving him of his right to counsel. The evidence before County Court does not establish that there was any "unnecessary delay" (CPL 140.20 [1]; *see, People v Ortlieb,* 84 NY2d 989, 990; *People v Forbes,* 264 AD2d 631, *lv denied* 94 NY2d 903). Defendant also contends that the promises of leniency made by the police during the interrogation rendered his statement involuntary (*see,* CPL 60.45 [2] [b] [i]). The statement of the police officer that he would inform the District Attorney of defendant's cooperation did not create a substantial risk that defendant might falsely incriminate himself (*see, People v Huntley,* 259 AD2d 843, 845-846, *lv denied* 93 NY2d 972; *see also, People v Engert,* 202 AD2d 1023, 1024, *lv denied* 83 NY2d 910).

Defendant further contends that the court erred in admitting the testimony of the People's expert that the substance seized by the police was cocaine because the expert failed to testify concerning the accuracy of the tests she used in making that determination. That contention is not preserved for our review (*see,* CPL 470.05 [2]; *People v Fallen,* 249 AD2d 771, 772, *lv denied* 92 NY2d 879; *People v Spence,* 182 AD2d 845). In any event, the court did not err in allowing her testimony because " '[t]he failure to establish the accuracy of [a] standard does not render the evidence incompetent' " (*People v Vaughns,* 272 AD2d 915, quoting *People v Corchado,* 166 AD2d 279, *lv denied* 78 NY2d 954). The weight to be accorded the expert's opinion was for the jury to determine (*see, People v Vaughns, supra; People v Spence, supra*). Defendant's request for a missing witness charge, made after the close of proof, was untimely

(*see, People v Santiago,* 266 AD2d 846, *lv denied* 94 NY2d 925; *see generally, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Miller,* 269 AD2d 746). In addition, the testimony of that witness would have been cumulative to the other evidence (*see, People v Gonzalez, supra,* at 428).

Defendant also failed to preserve for our review his contention that the jury verdict rejecting the agency defense is not based on legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19; *People v Nieves,* 214 AD2d 590, *lv denied* 86 NY2d 739). In any event, the evidence is legally sufficient to establish defendant's guilt and to disprove the agency defense (*see, People v Davis,* 273 AD2d 104; *People v Page,* 260 AD2d 153, 155, *lv denied* 93 NY2d 928; *People v Nieves, supra*; *People v Thomas,* 205 AD2d 838, 840). Defendant exhibited salesmanlike behavior by vouching for the quality of the drugs and by apologizing to the undercover officer when the officer received a lesser quantity than expected and offering to reduce the price for him the next time (*see, People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958; *People v Nieves, supra*). Defendant admitted that he was familiar with the supplier of the drugs, having used him on many occasions in the past, and he referred to him as "my guy" (*see, People v Page, supra,* at 155). In addition, the verdict is not against the weight of the evidence. In rejecting the agency defense, the jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Davis, supra*; *People v White,* 272 AD2d 872; *People v Palumbo,* 258 AD2d 963, *lv denied* 93 NY2d 901). There is no merit to the contention that defendant was denied effective assistance of counsel (*see generally, People v Baldi,* 54 NY2d 137, 146-147). The sentence is neither unduly harsh nor severe. We have considered the contentions raised in defendant's *pro se* supplemental brief and conclude that they are encompassed by the contentions raised in the main brief. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.