■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK TILLMAN, Appellant. [737 NYS2d 179] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and conspiracy in the fourth degree (Penal Law § 105.10 [1]). Contrary to defendant's contention, the evidence is legally sufficient to disprove the defense of agency. The buyer testified that she knew defendant to be a drug dealer as a result of engaging in prior drug transactions with him or observing him sell drugs to others. Those prior drug sales by defendant establish his intent, thus refuting the defense of agency (*see, People v Evertsz*, 131 AD2d 503, 504, *lv denied* 70 NY2d 646; *cf., People v Brathwaite*, 238 AD2d 125, 126, *lv denied* 90 NY2d 891). Moreover,

the People established that defendant expected and received a benefit from each sale, per his regular practice (*see, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935; *People v Johnson,* 286 AD2d 622; *People v Page,* 260 AD2d 153, 156, *lv denied* 93 NY2d 928). In addition, the evidence shows an ongoing relationship between defendant and his drug supplier, or an ongoing link between defendant and the drug trade (*see, People v Richards,* 275 AD2d 886, 887, *lv denied* 96 NY2d 738, citing *People v Page, supra,* at 155). Finally, defendant was shown to have engaged in salesmanlike behavior that was inconsistent with an agency relationship with the buyer (*see, People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958; *People v Watkins,* 284 AD2d 905; *People v Richards, supra,* at 887).

We reject defendant's contention that the buyer was an accomplice whose testimony requires corroboration. The buyer was acting as "an agent of police without the intent to commit a crime," and thus corroboration of her testimony was not required (*People v Cleveland,* 273 AD2d 787, 788, *lv denied* 95 NY2d 864; *cf., People v Cona,* 49 NY2d 26, 34-35; *People v Adams,* 185 AD2d 680, *lv denied* 80 NY2d 926). Contrary to the further contention of defendant, he was not denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see generally, People v Benevento,* 91 NY2d 708, 711-714). The sentence is not unduly harsh or severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.