■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DEALE, Appellant. [808 NYS2d 682]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 8, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court precluded inquiry into a substantial portion of defendant's extensive record. While defendant challenges the court's decision to permit inquiry into his weapon conviction, that conviction was neither inflammatory nor similar to the crimes charged, and its probative value on the issue of credibility outweighed its prejudicial effect.

After defendant's opening statement, in which he committed himself to an agency defense, the court properly granted the People's request for permission to elicit additional matter relating to defendant's history of drug trafficking. This material was limited in scope and was relevant to rebut that defense (*see e.g. People v Seay*, 176 AD2d 192, 193 [1991], *lv denied* 79 NY2d 864 [1992]; *People v Castaneda*, 173 AD2d 349 [1991], *lv denied* 78 NY2d 963 [1991]). There is no merit to defendant's claim that he was unduly prejudiced by the timing of the People's application. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.