(January 22, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SIMS, Appellant. [849 NYS2d 254]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered July 14, 2005, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 17 and 15 years, respectively, unanimously affirmed.

The court's *Sandoval* ruling permitting inquiry into defendant's prior weapon possession conviction and its underlying facts balanced the appropriate factors and was a proper exercise of discretion (*People v Hayes*, 97 NY2d 203 [2002]). The court imposed appropriate limits on the prosecutor's inquiry into

defendant's extensive criminal record, and the prior conviction, although similar to the crimes charged in this case, was relevant to his credibility.

The prosecutor did not violate the court's ruling that had precluded inquiry into a robbery with which defendant had been charged in 2003. On the contrary, the court properly permitted the prosecutor to impeach defendant's trial testimony by way of an inconsistency contained in his 2003 grand jury testimony, since defendant opened the door to such impeachment (*see People v Fardan*, 82 NY2d 638, 646 [1993]). This inquiry did not reveal to the trial jury that defendant had testified before the grand jury in 2003 as anything but a witness, nor did it suggest that defendant had committed a crime or bad act in that connection.

Defendant's remaining contentions concerning the prosecutor's cross-examination and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding (*see Bell v Miller*, 500 F3d 149, 155 [2d Cir 2007]), we also reject them on the merits.

Defendant's ineffective assistance of counsel claim is without merit (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.