People v Rodriguez (2020 NY Slip Op 03850)





People v Rodriguez


2020 NY Slip Op 03850


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


1323/14 -2548/16 11779B 3834/16 11779A 11779

[*1] The People of the State of New York, Respondent,
v
Ruben Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott H. Henney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Anne Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered April 13, 2017, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and judgments (same court and Justice), rendered May 11, 2017, convicting defendant, upon his pleas of guilty, of two counts of assault in the second degree, and sentencing him to a term of three years, to run consecutively to his murder sentence, and a term of five years, to run concurrently with his murder sentence, unanimously affirmed.
The verdict was not against the weight of the evidence. (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations concerning identification and credibility. Furthermore, defendant was circumstantially linked to the crime by surveillance video.
The court's Sandoval ruling, authorizing cross-examination as to defendant's recent guilty plea to criminal possession of a weapon in the second degree, was a provident exercise of discretion. That conviction was probative of defendant's credibility, and it was not unduly prejudicial (see People v Sims, 47 AD3d 494 [1st Dept 2008], lv denied 10 NY3d 844 [2008]; People v Deale, 26 AD3d 175 [1st Dept 2006], lv denied 6 NY3d 893 [2006]).
Defendant's challenge to the criteria employed by the court in imposing sentence is a claim requiring preservation (see People v Harrison, 82 NY2d 693 [1993]; see also People v Samms, 95 NY2d 52, 58 [2000]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that the comments of the court on which defendant relies did not reflect either actual or apparent bias.
We perceive no basis for reducing defendant's sentences.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK