■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BAKER, Appellant.—Judgment, Supreme Court, New York County (Edward Lehner, J.), rendered August 9, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a predicate felon, to concurrent prison terms of from 4½ years to 9 years and one year, respectively, unanimously affirmed.

There is no merit to defendant's argument that the evidence presented at trial was insufficient to establish that he acted in concert with co-defendant Aaron Green to sell crack cocaine to the undercover police officer. Defendant, who stood in a location where other individuals were selling crack, approached the undercover police officer and inquired as to "what [was the undercover] looking for?" The undercover officer, who was unknown to the defendant, requested "two bottles" of crack

cocaine. The defendant then turned and signaled to co-defendant Aaron Green, who was standing only a few feet away. Green approached the undercover officer, accepted $10 of prerecorded money, entered a nearby building, from which he soon emerged with the two vials of crack. The defendant and co-defendant followed the undercover officer and obtained one dollar each. Under these circumstances, defendant's guilt of third degree criminal sale of a controlled substance, based on an acting in concert theory, was plainly proven (see, People v Kaplan, 76 NY2d 140).

Further, there is no merit to defendant's argument that the People failed to disprove his agency defense (see, People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935). The defendant and the buyer had no prior relationship; the defendant had known co-defendant Green for several years; the defendant took the initiative and made the sale possible; and defendant's overall manner and actions substantiate that this was a well choreographed two person drug operation conducted by streetwise entrepreneurs. (See, People v Windley, 78 AD2d 55.) Defendant's claim that co-defendant Green was himself an agent of the buyer, was also disproved beyond a reasonable doubt. Concur—Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.