■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PLACIDO SANTOS ROSA, Appellant.—Judgment, Supreme Court, Bronx County (John P. Collins, J.), rendered August 4, 1989, convicting defendant, after jury trial, of two counts of attempted murder in the first degree, and one count each of aggravated assault upon a police officer, criminal possession of a weapon in the second degree, and burglary in the second

degree, and sentencing him to concurrent terms of 25 years to life on the attempted murder convictions, and to consecutive terms of 12½ to 25 years on the aggravated assault conviction, 3½ to 10½ years on the burglary conviction, and 5 to 15 years on the weapon possession conviction, to run concurrently with the sentences imposed on the attempted murder convictions, unanimously affirmed.

Defendant's claim of insufficiency of evidence against him, on an acting-in-concert theory, regarding the element of burglary in the second degree requiring proof that defendant entered or remained illegally in the subject premises is meritless in the circumstances. Here, the People presented overwhelming evidence that defendant's accomplices gained admittance to the premises through the misrepresentation that they were police officers, thereby entering without license or privilege, i.e., unlawfully (see, People v Thompson, 116 AD2d 377, 380-381). Contrary to defendant's argument, evidence at trial indicated that the office premises in question were not open to the general public, but rather to invitees, business or otherwise, of the proprietor of the business, who testified that defendant's accomplices did not enter with his permission or authority (see, People v Johnson, 162 AD2d 267, 268, lv denied 76 NY2d 894).

As the trial court's full jury charges on burden of proof and evaluation of credibility conveyed the appropriate legal standards, the court's comments to the effect that the jury was charged with determination of "truth" cannot reasonably be viewed as shifting or lightening the People's burden of proving defendant's guilt beyond a reasonable doubt (see, People v Flecha, 161 AD2d 116, lv denied 76 NY2d 856).

We have reviewed defendant's additional claims of error and find them to be either unpreserved, or without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.