■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BROWN, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered on June 25, 1991, convicting defendant, after a jury trial, of jostling, and sentencing him to a term of 1 year, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST RAY, Appellant.—Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered November 29, 1990, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and criminal

possession of a controlled substance in the third degree, and sentencing him as a predicate felon to concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence. The People's evidence established that defendant "steered" an undercover officer to the codefendant for the purchase of the heroin. This testimony provided legally sufficient evidence of defendant's complicity under Penal Law § 20.00.

Defendant failed to request submission of an agency defense, and accordingly, the claim is unpreserved. In any event, there is no reasonable view of the evidence that defendant acted merely to assist the undercover officer. Rather, defendant initiated the sale, directed the officer to the seller, and communicated afterwards with the seller *(see, e.g., People v Windley,* 78 AD2d 55, 57-58). Thus, counsel's failure to request submission of the defense did not deprive defendant of meaningful representation under the standards set forth in *People v Baldi* (54 NY2d 137, 147).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.