■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER AYERS, Appellant.—Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered May 21, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender, to a term of imprisonment of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of criminal sale of a controlled substance in the third degree, on an acting in concert theory, is amply supported. Defendant initiated the sale of narcotics to the undercover officer by motioning him to approach and by asking the officer if he was "looking", and further exhibited the salesman-like characteristics of one acting with his own independent profit motive when he requested money from the officer after his codefendants "hooked the officer up" and when he motioned to his codefendant to approach so that the sale could be completed. *(See, People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935.)* These acts, coupled with defendant's familiarity with his codefendants indicated that defendant was an experienced dealer who was part of a drug operation conducted by "streetwise entreprenuers" *(People v Baker,* 176 AD2d 153, 154, *lv denied* 79 NY2d 824).

Defendant's claim that the charge on agency was erroneous is unpreserved as a matter of law and we decline to review in the interest of justice. If we were to review it we would affirm inasmuch as the charge properly instructed the jury of the proper criteria to utilize in determining whether defendant was an agent of the officer. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.