■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABEL FERNANDEZ, Also Known as BERTO PEDROSA, Appellant. [597 NYS2d 68] —Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered January 10, 1992, convicting defendant, after non-jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crime charged, on an acting in concert theory, was amply supported by the evidence *(People v Bleakley,* 69 NY2d 490). Defendant's unprompted communication to the seller of his approval of the buyer, and his role as a "lookout" at the request of the seller, combined with his observed close interaction with the seller before, during and after the sale, creates a reasonable inference that defendant was acting intentionally to aid the seller in safely consummat-

ing the sale *(see, e.g., People v Ayers,* 189 AD2d 680). The trial court's credibility determinations, entirely reasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734). As defendant failed to assert an agency defense at trial, he cannot now seek the benefit of that defense *(People v Ray,* 188 AD2d 288). In any event, there is no reasonable view of the evidence that would support a conclusion that defendant acted merely to assist the buyer. Concur—Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.