■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYCE DAVIS, Appellant. [609 NYS2d 212] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered May 13, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a second felony offender, to a term of 2½ to 5 years, and time served, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was proven beyond a reasonable doubt by

legally sufficient evidence that defendant "steered" an undercover officer to the codefendant for the purchase of valium *(see, People v Ray,* 188 AD2d 288, 289, *lv denied* 81 NY2d 845). The fact that neither the prerecorded buy money nor drugs were found on defendant does not negate her accessorial liability under Penal Law § 20.00 *(People v Smith,* 179 AD2d 355, *lv denied* 79 NY2d 953). Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

Defendant's claim that the court's instructions near the end of its charge that the jury "should make every effort to come to [an] agreement which speaks the truth as far as this case is concerned" diluted the People's burden of proof is not preserved for review as a matter of law (CPL 470.05 [2]; *People v Ellis,* 184 AD2d 307, 308, *lv denied* 80 NY2d 929). In any event, were we to review the claim in the interest of justice, we would find that the charge as a whole conveyed the appropriate legal standards concerning the People's burden of proof *(see, People v Rosa,* 187 AD2d 355, 356, *lv denied* 81 NY2d 892). Concur—Rosenberger, J. P., Kupferman, Rubin and Williams, JJ.