■ **The People of the State of New York**, Respondent, v **Marcelino Hilario**, Appellant. [631 NYS2d 824] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered December 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, defendant's guilt of acting in concert to sell cocaine to the undercover police officer was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932). Testimony established that as the undercover officers drove by the arrest site, the undercover buyer's partner made eye contact with defendant, who was sitting on the hood of a car, and nodded his head up and down; defendant returned that gesture, which the partner interpreted as a signal that defendant had what the officer "was looking for". From the car, the undercover partner asked defendant for some "blow", meaning cocaine. Defendant replied by saying "Coca", which means cocaine in Spanish, indicating that he had cocaine available. The officer replied "Yeah". The undercover buyer then pulled over the car and approached defendant, asking him "Do you have cocaine?" Defendant replied "Coca". The officer said "Yeah"; defendant replied "Yes". The officer asked for $40

worth. Defendant told him to see his "buddy", pointing to the codefendant, who was standing nearby. After the officer spoke to the codefendant and the latter went inside a building to retrieve the drugs he would sell to the officer, defendant remained on the hood of the car looking up and down the block. Under the totality of these circumstances, defendant's conduct was "clearly designed to effectuate the drug sale as a steerer or lookout" (*People v Fonseca*, 208 AD2d 399). The fact that neither prerecorded buy money nor any drugs were found on defendant does not negate his accessorial liability (*People v Davis*, 202 AD2d 325, 326, *lv denied* 83 NY2d 910). For these reasons, defendant's contention that the trial court erred in failing to *sua sponte* charge an agency defense is without merit, since there is no reasonable view of the evidence that suggests that defendant was acting merely on behalf of the undercover purchaser, with whom he had no prior relationship (*see, People v Perez*, 209 AD2d 174). In any event, such a *sua sponte* charge would have interfered with defense strategy.

Closure of the courtroom during undercover testimony was justified by testimony that the undercover in question continued to operate in the same general area and had received specified threats.

We have considered defendant's remaining contentions and find them to be largely unpreserved for appellate review and without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.