■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN THOMAS, Appellant. [642 NYS2d 247] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered April 6, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Viewed in a light most favorable to the People, the evidence that defendant steered the undercover officer to a codefendant for the purchase of cocaine, told the latter to "hook [the officer] up", remained at the scene of the sale throughout its commission looking up and down the block, and remained with a second codefendant who had supplied the first with drugs after the sale was completed, was legally sufficient to prove defendant's guilt (*People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797; *People v Davis*, 202 AD2d 325, *lv denied* 83 NY2d 910). Defendant's accessorial liability under Penal Law § 20.00 is not negated by the fact that he possessed neither buy money nor any drugs when arrested (*People v Davis, supra*), or that he was otherwise silent throughout the sale (*People v Tention*, 162 AD2d 355, *lv denied* 76 NY2d 991). Defendant's claim that the court erred in not charging the jury on the defense of agency is unpreserved as a matter of law (*People v Ray*, 188 AD2d 288, *lv denied* 81 NY2d 845), and, in any event, without merit (*see*, *People v Herring*, 83 NY2d 780). Defendant's challenges to the prosecutor's summation are also unpreserved, and, in any event, without merit. We have considered defendant's remaining claims and find that they did not warrant corrective action. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.