■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ELLERBE, Appellant. [644 NYS2d 52]

Viewing the evidence in the light most favorable to the prosecution, defendant's guilt of acting-in-concert to sell cocaine to the undercover was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). Testimony established that the undercover officer approached the defendant, whom she had never met before, and asked "who's working". Defendant brushed her off, stating "I don't know who you are". After further unsuccessful efforts at persuasion, the undercover walked further along the block. Unable to find another seller, the undercover approached defendant a second time, asked for "nicks" and complained that there was "nobody here". Defendant told her "Yes, there are", and asked "how many do you need?" The undercover stated "six nicks". Defendant told her "I have got, but wait here" and walked toward 14th Street, disappearing around a corner. A minute later, defendant returned and told her he did not "have anything". The undercover protested that she had waited for nothing and defendant replied that he was "seeing who was out". At that moment, the co-defendant suddenly appeared by the curb a few feet from them. Upon seeing the co-defendant, defendant turned to the undercover and confirmed that she wanted "six", told her to wait, then walked over to the co-defendant. After briefly conversing, the defendant and co-defendant walked together back over to the undercover. Defendant explained to her that the co-defendant had "only dimes". When the undercover agreed to take "three", in exchange for $30, the co-defendant stepped closer and retrieved the drugs from his boot. Under the totality of the circumstances, defendant's conduct was clearly designed to effectuate the drug sale as a steerer or lookout (*People v Fonseca*, 208 AD2d 399). Defendant's accessorial liability is not negated by the fact that neither prerecorded buy money nor any drugs were found on him (*People v Davis*, 202 AD2d 325, *lv denied* 83 NY2d 910); nor is his guilt as seller dependent upon proof that he received consideration from the sale (Penal Law § 220.00 [1]).

For these reasons, defendant's unpreserved contention that the trial court erred in failing to charge, *sua sponte,* the agency defense is without merit (*People v Hilario*, 219 AD2d 546). In any event, such a *sua sponte* charge would have interfered with defense strategy (*supra*).

By raising the agency defense indirectly in his summation, without asking for it to be charged to the jury (*see, People v De-Gina*, 72 NY2d 768), and thereby avoiding the risk of having

defendant's drug record introduced in accordance with the court's ruling, counsel cannot be said to have been ineffective (*People v Ford*, 46 NY2d 1021). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.