◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANCHEZ, Appellant. [664 NYS2d 519] —Judgment, Supreme Court, New York County (Renee White, J.), rendered May 9, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent prison terms of $4\frac{1}{2}$ to 9 years and 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence, including the entire course of conduct between defendant, the undercover officer, and the codefendant, to establish that defendant intentionally participated in the sale by taking the officer's drug order and relaying it to the codefendant (People v Thomas, 227 AD2d 196, lv denied 88 NY2d 943). Defendant's request for an agency charge was properly denied, since it was not supported by a reasonable view of the evidence, all of which compelled the conclusion that defendant was acting as an order taker for the codefendant rather than as an agent of the undercover buyer (People v Herring, 83 NY2d 780, 782-783; People v Thomas, supra; People v Perez, 209 AD2d 174). Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.