# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1106

KA 12-00600

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

GABRIEL DAVILA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 3, 2011. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the indictment is dismissed and the matter is remitted to Supreme Court, Onondaga County, for further proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant failed to renew his motion to dismiss the indictment at the close of the People's proof on rebuttal and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant is convicted of acting in concert with a codefendant, who was tried separately, in a sale of heroin. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is no valid line of reasoning or permissible inferences that "could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495).

The evidence established that the police were conducting surveillance of a two-family residence, which was owned by the codefendant's mother-in-law; the codefendant resided in the first-

floor apartment and defendant's father resided in the second-floor apartment.  Two police officers observed a woman approach a group of men standing in front of the residence and observed defendant walk with the woman partway up a long driveway that curved into a backyard. Those officers also saw defendant and the woman subsequently have a brief verbal exchange after walking back down the driveway, before the woman departed.  Another officer, who could view the back of the house, observed defendant with the woman and the codefendant in the backyard, but defendant was not with them when the sale was conducted at the house and he did not see defendant again.  The woman testified that she approached the group of men in the front of the house and asked for "montega," which is slang in Spanish for heroin, and that one of the men directed her toward the back of the house and walked with her partway up the driveway where she met the codefendant.  The woman arranged the sale with the codefendant, and purchased the heroin that the codefendant retrieved from the house.  The police officer viewing the back of the house observed the codefendant at the house and a hand-to-hand exchange between the codefendant and the woman. The woman was stopped by the police and packets containing a tan powder that tested positive for heroin were recovered from her, and the sum of $490 was recovered from the codefendant.  Following a search of the two-family home, the police recovered large quantities of heroin from the first-floor apartment and the basement, which could be accessed from the back porch or the second-floor apartment, as well as heroin that was hidden in the backyard.  The codefendant had keys to both apartments.  No drugs or money were recovered from defendant, which a police witness testified was consistent with the role of the "steerer," who directed customers to the sale but did not handle the drugs or money.

"To establish an acting-in-concert theory in the context of a drug sale, the People must prove not only that the defendant shared the requisite *mens rea* for the underlying crime but also that defendant, in furtherance of the crime, solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime . . . The key to our analysis is whether a defendant intentionally and directly assisted in achieving the ultimate goal of the enterprise—the illegal sale of a narcotic drug" (*People v Bello*, 92 NY2d 523, 526; *see* Penal Law § 20.00).

We conclude that the evidence is legally insufficient to establish that defendant acted in concert with the codefendant to sell heroin to the buyer inasmuch as he did nothing "more than simply direct the [buyer] to a location where [she] could purchase [heroin]" (*People v Brown*, 50 AD3d 1596, 1597; *see People v Johnson*, 238 AD2d 267, 267, *lv denied* 90 NY2d 894; *cf. People v Ellerbe*, 228 AD2d 301, 302, *lv denied* 89 NY2d 921; *People v Fonseca*, 208 AD2d 399, 399; *see generally People v Herring*, 83 NY2d 780, 783).  "While this evidence certainly demonstrated that the defendant was able to identify a local purveyor of narcotics, it did not show . . . that he shared the seller's intent to bring the transaction about . . . [Indeed], by merely responding to the [buyer's] inquiry as to who had drugs for sale, the defendant did nothing to solicit or request, much less demand[,] importune[, or assist in] the illicit sale" (*People v*

*Rosario*, 193 AD2d 445, 446, *lv denied* 82 NY2d 708).  We therefore reverse the judgment of conviction and dismiss the indictment.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court