OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered September 28, 2012, reversed, on the law, accusatory instrument dismissed and surcharge, if paid, remitted.
In view of defendant’s knowing waiver of her right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint {see People v Dumay, 23 NY3d 518 [2014]). Even when viewed under the more liberal standard, the accusatory instrument was jurisdictionally defective since it failed to allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe (CPL 100.40 [4] [b]) that defendant was guilty of criminal sale of marihuana in the fourth degree {see Penal Law § 221.40) under the accomplice liability theory advanced by the People {see Penal Law § 20.00). In this connection, the factual portion of the complaint alleges that, at a particular date, time and park location, an undercover officer handed a separately charged individual cash, in exchange for a quantity of marihuana, “while defendant [Tribble] repeatedly stood up, looked around, paced back and forth, and otherwise acted as a lookout.”
The quoted facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), do not give rise to the required inference that defendant “intentionally and directly assisted in achieving the ultimate goal of the enterprise” (People v Bello, 92 NY2d 523, 526 [1998]), the criminal sale of marihuana. Absent from the People’s pleading were any allegations that defendant interacted with or even knew the seller, was aware that a marihuana sale was occurring, or that she was even close enough to the sale to verbally or visibly communicate with the seller (see People v Mondon, 30 Misc 3d 1235[A], 2011 NY Slip Op 50369[U] [Crim Ct, NY County 2011]; *35 compare People v Eduardo, 44 AD3d 371, 372 [2007] [“Defendant’s entire course of conduct and interactions with his code-fendants supported the conclusion that he was a participant in a drug operation, and that he assisted the others by acting as a lookout”], affd 11 NY3d 484 [2008]; People v Fernandez, 193 AD2d 406, 406 [1993], lv denied 81 NY2d 1072 [1993] [“Defendant’s unprompted communication to the seller of his approval of the buyer, and his role as a ‘lookout’ at the request of the seller, combined with his observed close interaction with the seller before, during and after the sale, creates a reasonable inference that defendant was acting intentionally to aid the seller in safely consummating the sale”]; People v Cruz, 204 AD2d 212, 212 [1994], lv denied 83 NY2d 1003 [1994] [“undercover was brought to defendant and an accomplice; that defendant was present while the sale was negotiated; that defendant was directed and agreed to act as lookout; and that the exchange of heroin occurred when defendant signaled that there were no police in the vicinity”]). The allegations in the underlying accusatory instrument are not “collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely” (CPL 70.10 [2]) that defendant was intentionally and directly assisting in the sale of marihuana by acting as a lookout.
Hunter, Jr., J.P., and Ling-Cohan, J., concur.