■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CORCHADO, Appellant.—Judgment of the Supreme Court, New York County (Howard Bell, J.), rendered September 27, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent terms of 5 to 10 years, to run concurrently with a sentence of 4½ to 9 years imposed by the same court rendered the same day, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, unanimously affirmed.

The trial court did not abuse its discretion by admitting into evidence the testimony of the police chemists, even though there was no evidence as to the accuracy of the reagents used. Three color tests, not relying on use of reagents, were performed in addition to two microcrystalline tests, all of which were indicative that the substance tested was cocaine. The failure to establish the accuracy of the standard does not render the evidence incompetent *(People v Gonzalez,* 127 AD2d 787, 788, *lv denied* 69 NY2d 1004). Since various tests, some not employing a known standard, were conducted, the evidence was admissible and it was for the jury to assess the weight to be given to the expert opinion identifying the substance as cocaine. *(People v Wicks,* 122 AD2d 239, *lv denied* 68 NY2d 1005.)

Defendant contends that the trial court erroneously characterized identification as one of the main issues at trial, and gave an inappropriately expanded identification charge. The

identification charge was consistent with the Criminal Jury Instructions and could not have confused the jury as to the differing theories advanced by defendant and the People. At the end of the identification charge, the court reminded the jury of defendant's testimony and his contention that he had been framed.

Defense counsel never objected to the court's marshaling of the evidence and the argument is unpreserved for appellate review. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.