■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD TAYLOR, Appellant. [595 NYS2d 60] —Appeal by the

defendant from (1) a judgment of the Supreme Court, Kings County (Brill, J.), rendered February 28, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4998/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also imposed February 28, 1991, revoking a sentence of probation previously imposed under S.C.I. No. 5738/88 by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment.

Ordered that the judgment and amended judgment are affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the trial court erroneously gave an expanded identification charge at trial. We find that the charge as a whole could not have confused the jury as to the differing theories advanced by defendant and the People. The court in its charge instructed the jury as to credibility and the defendant's contention that the officers' testimony was not credible (see, People v Corchado, 166 AD2d 279).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.