■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MORRIS, Appellant. [595 NYS2d 434] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 9, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and bail jumping, and sentencing him to concurrent terms of 4 years to life and 1 to 3 years, respectively, unanimously affirmed.

Defendant's observed furtive actions at a Port Authority bus departure gate provided an objective, credible reason for the drug interdiction team officer to inquire regarding defendant's identity and destination (People v Hollman, 79 NY2d 181, 185). Defendant's agreement to speak with the officer and both his verbal and physical responses, gave rise to the officer's exercise of the common law right of inquiry, based upon a founded suspicion that criminality was afoot (People v De Bour, 40 NY2d 210, 223). Defendant's subsequent consent to the officer's request to look into the bag he carried, grounded in defendant's insistence that the bag was not his, cannot reasonably be viewed as coerced by any prior police action or question (see, People v Gonzalez, 39 NY2d 122, 128-130). Lawful questioning within the close confines of a bus, which culminates in the surrender of contraband, is not tantamount to a seizure (Matter of Gissette Angela P., 80 NY2d 863, affg 172 AD2d 117, 119).

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DEJESUS, Appellant. [595 NYS2d 204] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 12, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The fact that defendant was wearing different clothes at his arraignment than at the time of his arrest two days before does not raise a reasonable doubt as to his identification (cf., People v Payne, 149 AD2d 542). Nor is there merit to defendant's argument that the chemist's failure to test the reagents before conducting the test to determine whether the drugs seized contained cocaine renders the test inaccurate (People v Corchado, 166 AD2d 279, lv denied 78 NY2d 954). Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.