■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDRY BRIGHT, Appellant. [690 NYS2d 44] —Judgments, Supreme Court, Bronx County (Steven Barrett, J.), rendered July 16, 1996, convicting defendant, after a jury trial, of crimi-

nal sale of a controlled substance in the third degree and, upon his pleas of guilty, of bail jumping in the first degree and criminal possession of a weapon in the fourth degree and sentencing him, as a second felony offender, to consecutive terms of 5 to 10 years and 2 to 4 years, concurrent with a term of 1 year, unanimously affirmed.

Defendant has not preserved his present claim that the court's expanded identification charge deprived him of his right to chart his own defense. Defendant merely argued at the pre-charge conference that he did not want to "highlight" the issue of misidentification (*see, People v McCall*, 88 NY2d 838, 839). While defendant initially registered a protest at the conclusion of the court's charge, he then agreed with the court's position that the charge adequately addressed defendant's concerns. We decline to review defendant's claim in the interest of justice. Were we to review this claim, we would find that the main thrust of the defense was an attack on the officers' credibility. The court fully instructed the jury as to credibility and as to defendant's contention that the officers' testimony was not credible (*People v Taylor*, 191 AD2d 524, *lv denied* 82 NY2d 708; *People v Corchado*, 166 AD2d 279, *lv denied* 78 NY2d 954). Since the evidence raised an identification issue that defendant expressly refused to concede, the court's inclusion of an expanded identification charge was an appropriate exercise of discretion. The charge as a whole could not have confused the jury as to the theories advanced by defendant and the People. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.