■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FLORES, Appellant. [696 NYS2d 423] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 5, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court's *Sandoval* ruling permitting defendant's impeachment by the fact he was convicted of three felonies and a misdemeanor, including disclosure that one felony was for attempted drug possession, while precluding inquiry into any underlying facts, constituted a proper exercise of discretion (*see, People v Pavao*, 59 NY2d 282, 292).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CICERO SALMON, Appellant. [695 NYS2d 352] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered June 26, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

We conclude that defendant was not deprived of effective assistance of counsel. Although defense counsel failed to properly review the court's charge, when given the opportunity prior to the instruction of the jury, counsel corrected this oversight by obtaining a curative instruction that correctly stated the defense theory. In light of the evidence adduced at trial, the summations, and the court's charge as a whole (*see, People v Andujas*, 79 NY2d 113, 118), the court's supplementary instruction could not have confused the jury as to the theory advanced by defendant (*see, People v Bright*, 261 AD2d 192; *People v Taylor*, 191 AD2d 524, *lv denied* 82 NY2d 708; *People v Corchado*, 166 AD2d 279). Defendant has therefore failed to establish that defense counsel's conduct deprived him of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.