THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HAMER, Appellant. [893 NYS2d 535]—

Defendant's challenge to the evidence supporting the dangerous instrument element of first-degree robbery is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that it was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). This element was established by the victim's testimony that he felt an unseen hard object "jabbing" into his back, coupled with defendant's death threat, in which he told the victim the object was an ice pick (*see People v Lawrence*, 124 AD2d 597 [1986], *lv denied* 69 NY2d 713 [1986]).

The court responded meaningfully to a note from the deliberating jury. In its main charge, and then again in response to an earlier note, the court had given the jury the full definition of dangerous instrument set forth in Penal Law § 10.00 (13). Then, in the note at issue on appeal, the jury asked whether "the People have to prove specifically that an ice pick itself was used, or just that a dangerous sharp object was used?" The court replied that the People did not have to prove the item was an ice pick, but only that it was a dangerous sharp object. Defendant argues that this response improperly changed the definition of dangerous instrument by eliminating the require-

ment that, under the circumstances of its use or threatened use, the object be readily capable of causing death or serious physical injury. However, the jury's note, read in context, essentially asked whether the dangerous instrument element could be satisfied by a dangerous instrument other than an ice pick, and the court correctly answered in the affirmative. When this instruction is taken together with the court's main and supplementary instructions on the statutory definition of dangerous instrument (*see People v Drake*, 7 NY3d 28, 33-34 [2006]; *People v Fields*, 87 NY2d 821, 823 [1995]; *People v Coleman*, 70 NY2d 817 [1987]), it is clear that the jury could not have been misled into thinking that the definition had suddenly changed.

As the People concede, the third-degree robbery count should have been dismissed as a lesser included offense. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.