People v Farrell (2025 NY Slip Op 02100)

People v Farrell

2025 NY Slip Op 02100

Decided on April 10, 2025

Court of Appeals

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2025

No. 30 

[*1]The People & c., Respondent,
v
Christopher Farrell, Appellant.

Mitchell H. Spinac, for appellant. 
Sohil Sharedalal, for respondent.
Legal Action Network for Animals, amicus curiae.

RIVERA, J.

The accusatory instrument charging defendant Christopher Farrell with failure to provide necessary sustenance in violation of Agriculture and Markets Laws (AML) § 353 is facially insufficient. Therefore, City Court properly dismissed the indictment.
***
According to the prosecution and as set forth in the affidavit of errors, an investigator for the Ulster County Society for the Prevention of Cruelty to Animals responded to a call regarding a dog in distress in the City of Kingston. The investigator found the dog in the middle of the road, unable to easily stand or walk more than a few paces. When the owner could not be located, the investigator seized the dog as a stray. The investigator later discovered that the dog was named Mogley and defendant was his owner.[FN1] Medical intervention proved unsuccessful due to Mogley's deteriorated condition and he was eventually euthanized.
The investigator filed a sworn accusatory instrument based on his "knowledge and investigation/information and belief," charging that "defendant did intentionally, knowingly and unlawfully commit the Misdemeanor of Failure to Provide Necessary Sustenance" in violation of AML § 353. That section, entitled "Overdriving, torturing and injuring animals; failure to provide proper sustenance" provides, in relevant part, that:
"A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to [themselves] or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink. . ., or in any way furthers any act tending to produce such cruelty, is guilty of a class A misdemeanor."
The instrument does not include the background information included in the affidavit of errors, but alleges that on a specified date and time in Kingston, defendant allowed a "Burmese [sic] Mountain Dog known as 'Mogley' [] to live with the debilitating medical condition of Spondylosis, causing chronic pain and suffering; as well as being infested with fleas, a mass on his spine and a mass near his heart; denying the animal access to veterinary care." The investigator asserted that defendant "stated the dog has never visited a vet and Mogley is going to die anyway."
Defendant moved to dismiss the accusatory instrument, arguing that the instrument was facially insufficient and on the ground that section 353 is void for vagueness as applied to the failure to provide veterinary care under the Fifth and Fourteenth amendments of the federal Constitution. Kingston City Court granted the motion and dismissed the charge based on facial insufficiency. Upon the prosecution's appeal, Ulster County Court reversed, reinstated the charge under section 353 and remitted to City Court for further proceedings. County Court held that the accusatory instrument was facially sufficient because it set forth sufficient factual allegations of animal cruelty. County Court also concluded that the statute was not void for vagueness because a person of ordinary intelligence could determine that the statute encompasses, as torture or cruelty, the denial of necessary care where a companion animal plainly suffers from willful neglect. A Judge of this Court granted defendant leave to appeal (40 NY3d 950 [2023]).
One commentator has described section 353 as a "truly behemoth criminal statute, containing 322 separate charging theories in its principal passages alone" (Jed L. Painter, Practice Commentaries, McKinney's Cons Laws of NY, 2024 Electronic Update, AML § 353). We need not plow through this "inelegant coagulation" to resolve this appeal (id.). A straightforward application of our well-established rules makes plain that the accusatory instrument is facially insufficient.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Dreyden, 15 NY3d 100, 103 [2010]). We evaluate the accusatory instrument here under the standard applicable to a misdemeanor information.[FN2] In accordance with CPL 100.40, "[a] misdemeanor information must set forth 'nonhearsay allegations which, if true, establish every element of the offense charged' " (People v Dumay, 23 NY3d 518, 522 [2014], quoting People v Kalin, 12 NY3d 225, 228—229 [2009]). This requirement is jurisdictional, and an accusatory instrument that falls short must be dismissed (id. at 136). "[T]he test for whether a flaw in an accusatory instrument is jurisdictional is. . . whether the accusatory [*2]instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dreyden, 15 NY3d 1at 103).
The accusatory instrument solely charges defendant with failing to provide Mogley with "sustenance."[FN3] As a threshold matter, it is unnecessary to determine whether "sustenance" as used in section 353 encompasses veterinary care—an issue the parties vigorously dispute. Even assuming it does, the accusatory instrument lacks nonhearsay allegations that defendant deprived Mogley of veterinary care, leading to his debilitating conditions.
The accusatory instrument alleges that Mogley suffered from spondylosis, which it does not define but which it asserts caused Mogley chronic pain and suffering.[FN4] The instrument further alleges that Mogley had a mass on his spine and near his heart. However, the instrument fails to allege how the investigator became aware of these conditions and there is no corresponding veterinary diagnosis attached to the instrument or assertion that a veterinarian examined Mogley. Moreover, the instrument does not indicate whether these afflictions were visible to the naked eye, and therefore we cannot infer from these allegations that the investigator personally observed them. These hearsay allegations are thus insufficient to support the charge.
The remaining allegations in the instrument consist of, first, the investigator's statement based on what we infer were his personal observations that Mogley was "infested with fleas," and, second, the defendant's statements to the investigator, which fall within a hearsay exception, that Mogley "has never visited a vet and" that he was "going to die anyway." The prosecution argues that even if we do not consider the conclusory allegations of Mogley's medical conditions, these other allegations are sufficient to charge defendant with a deprivation of sustenance for failure to provide necessary veterinary care. We disagree. A flea infestation does not necessarily require veterinary care. Even an infestation of fleas can be treated with nonprescription remedies or services by a professional groomer, and the instrument does not assert otherwise. Moreover, the instrument does not allege that Mogley suffered complications from the flea infestation requiring specialized medical aid. Therefore, the flea condition allegations are inadequate.
To be clear, an accusatory instrument charging a violation of section 353 need not include documentation from a veterinarian, especially in those cases where the conditions are visible or palpable. The investigator did not allege any facts in support of [*3]such a conclusion. The investigator also failed to describe the conditions under which he first observed Mogley—splayed in the middle of a traffic lane and barely able to move—which might have allowed for an inference that the dog was mistreated or neglected to the point of being in extremis.
In sum, the factual allegations and inferences to be drawn from the accusatory instrument are insufficient to "establish every element of the offense charged" (Kalin, 12 NY3d at 228-229), that defendant deprived Mogley of sustenance in violation of AML section 353. Accordingly, the County Court order should be reversed and the order of City Court dismissing the accusatory instrument reinstated.
Order reversed and order of Kingston City Court dismissing the accusatory instrument reinstated. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided April 10, 2025

Footnotes

Footnote 1: The prosecution and amici also refer to Mogley as "Mowgli" and defendant uses no name, simply calling him "the dog." We refer to him by the name alleged in the accusatory instrument.

Footnote 2: We reject the prosecution's conclusory assertion that the instrument should be considered a misdemeanor complaint as that claim is belied by the record.
Footnote 3: To the extent the prosecution contends that the instrument asserts a separate charge of cruelty for failure to provide necessary medical care, the instrument's express language forecloses any such reading.

Footnote 4: Spondylosis, or spondylosis deformans,
"is a common degenerative disorder of the spinal column. . . . In dogs, the most common area affected is the lumbar vertebrae, or lower back around the hips. . . .This condition causes a noninflammatory, irreversible damage to the spinal vertebrae, which can result in loss of function and mobility issues. . . . It is estimated that up to 70% of 9-year-old dogs are affected"
(Barri J. Morrison, Spondylosis Deformans in Dogs, PetMD [Jan. 6, 2023], available at https://www.petmd.com/dog/conditions/musculoskeletal/spondylosis-deformans-dogs [accessed Mar. 16, 2025]).