People v Coatl (2025 NY Slip Op 50803(U))

[*1]

People v Coatl

2025 NY Slip Op 50803(U)

Decided on May 21, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 21, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Maximo Coatl, Defendant.

Docket No. CR-021544-24BX

For the Defendant: Yifei He
For the People: Daniel Beloosesky

David L. Goodwin, J.

Defendant Maximo Coatl moves to dismiss count two of the misdemeanor information, charging fourth-degree criminal possession of a weapon, as facially insufficient. He also requests pretrial hearings. The People oppose.
At issue is whether allegations that Coatl struck a person on the back of the head with an "unknown hard object," and caused physical injury, yield a facially sufficient charge of fourth-degree criminal possession of a weapon. As explained below, they do not, as they fail to establish reasonable cause to believe Coatl possessed a dangerous instrument or other prohibited weapon. Coatl's motion is therefore GRANTED and the count is DISMISSED. His request for hearings is also GRANTED in part, and Wade/Crews/Huntley/Dunaway hearings are ordered.
I. Background
Coatl is charged with fourth-degree criminal possession of a weapon (P.L. § 265.01(2)), third-degree assault (P.L. § 120.00(1)), and second-degree harassment (P.L. § 240.26(1)), arising from an alleged attack on complaining witness Victor Arevalo. The short misdemeanor information alleges that Coatl struck Arevalo from behind with an "unknown hard object":
Deponent is informed by VICTOR AREVALO, that at the above time and place, while [*2]informant was walking with his girlfriend and her baby, who was in a stroller, defendant approached and struck informant about the back of the head with an unknown hard object causing informant to fall forward. Deponent is further informed by informant that defendant stated, in sum and substance: I'M GONNA TAKE THE BABY, IF I FIND YOU AGAIN I'LL BEAT YOU UP WITH MY FRIENDS.
Misdemeanor Information at 1.

No other information is provided about the object. But in the wake of the alleged attack, Arevalo suffered "substantial pain, swelling and a raised bump on the back of his head." Id. at 1—2.
According to the notices served at arraignment, Coatl asked a police officer, "Why is he not getting arrested?" C.P.L. § 710.30(1)(a) Notice. Around the same time, he was identified by Arevalo via a point-out identification.
II. Omnibus Motion
In his counseled motion, Coatl argues primarily that dismissal is required because the allegations of the misdemeanor information do not support a charge of fourth-degree criminal possession of a weapon, and are therefore facially insufficient. Because the "unknown hard object" is not addressed or described anywhere, and does not appear to have been recovered, the factual portion of the information fails to establish Coatl's possession of one of the prohibited categories of weapons or of a dangerous instrument.
In opposing dismissal, the People respond that the allegations adequately establish that Coatl was in possession of a dangerous instrument, at least when the allegations are viewed in the light most favorable to the prosecution. While conceding that there is no serious physical injury in this case—and a dangerous instrument is defined as an object capable of causing serious physical injury or worse under the circumstances of its use, P.L. § 10.00(13)—the People argue that the unknown object could have caused serious physical injury, emphasizing that otherwise-lawful instruments can become prohibited weapons if wielded with the appropriate criminal intent. The People otherwise dispute the need for hearings.
In a short reply, Coatl reemphasizes that the allegations are bereft of any detail about the unknown object.
III. Legal Standards
A person commits criminal possession of a weapon in the fourth degree under the charged subsection when he possesses, among other things, a "dangerous or deadly instrument or weapon with intent to use the same unlawfully against another." P.L. § 265.01(2). A "dangerous instrument" is any object (other than a body part) that, under the circumstances of its use, is "readily capable" of causing "serious physical injury" or worse, with "serious physical injury" defined as protracted disfigurement or impairment. P.L. § 10.00(10) (serious physical injury), [*3]10.00(13) (dangerous instrument). Even an innocuous item can be a dangerous instrument if used in a manner that could result in serious physical injury. People v. Owusu, 93 NY2d 398, 400 (1999).
A count of a misdemeanor information is facially sufficient if supported by sufficient factual matter that, if accepted as true, would establish every element of the charged crime while also providing reasonable cause to believe the defendant committed the offense. People v. Ocasio, 28 NY3d 178, 180 (2016); see also C.P.L. § 100.40(1)(b). "Reasonable cause" is synonymous with probable cause, People v. Maldonado, 86 NY2d 631, 635 (1995), and requires a showing that would convince an ordinary person both that the offense was likely committed and the defendant was the culprit, C.P.L. § 70.10(2). The allegations must also give a defendant "sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy." People v. Farrell, ___ NY3d ___, 2025 NY Slip Op. 02100, at *2 (NY Apr. 10, 2025)
The facial sufficiency standard is not demanding, in part because all allegations must be given a "fair and not overly restrictive or technical reading," People v. Guaman, 22 NY3d 678, 681 (2014), and be evaluated in the context of "common sense [and] the significance of the conduct alleged," People v. Gonzalez, 184 Misc 2d 262, 264 (App. Term 1st Dept. 2000). Furthermore, all reasonable inferences must be drawn in favor of the People. See People v. Jackson, 18 NY3d 738, 741, 747 (2012).
IV. Discussion
As Coatl correctly argues, the count charging fourth-degree criminal possession of a weapon is facially insufficient. The factual part of the information alleges that Coatl caused (at most) physical injury by striking Arevalo the back of the head with an unknown hard object, which goes otherwise undescribed and was apparently not recovered. While it is possible that the object was a dangerous instrument, "possibility" alone does not establish reasonable cause. Accordingly, the count must be dismissed.
Reasonable cause requires more than a mere possibility that an offense has been committed. Rather, it must be "reasonably likely" that the offense was committed. C.P.L. § 70.10(2). In drug cases, for instance, the allegations must support the deponent's claim that the substance possessed was a prohibited drug and not something else. See People v. Smalls, 26 NY3d 1064, 1067 (2015) (facial sufficiency established by, among other things, allegations of officer's training in recognizing controlled substances); see also People v. Parsons, 69 Misc 3d 11, 16 (App. Term 1st Dept. 2020) (requiring the deponent officer to establish her drug-identification training and to provide at least one other indicia of criminality); People v. Healy, 55 Misc 3d 895, 898 (Poughkeepsie City Ct. 2017) (concluding that controlled-substance count alleging possession of "one round green pill" was not facially sufficient). In other categories of cases, courts routinely conclude that the simple possibility of criminality does not amount to [*4]reasonable cause or a prima facie case.[FN1]

Here, the accusatory instrument lacks sufficient factual matter to establish, either directly or by reasonable inference, reasonable cause that the "unknown hard object" was a dangerous instrument capable of inflicting serious physical injury via a strike to the back of the head of unclear force. See P.L. § 10.00(13). It is certainly possible that the object was a dangerous instrument, such as a brick, stone, or other hard object of sufficient weight and heft. But it is equally possible that the object was something that would not likely cause serious physical injury, or even something categorically outside of the reach of the statute, such as Coatl's hands.[FN2]

Moreover, as the People concede, see People's Resp. at 5, Arevalo's injuries did not meet the statutory definition of serious physical injury. Thus, to the extent that an instrument charging possession of an "unknown hard object" could be facially sufficient if a serious physical injury actually resulted, there was no such allegation or injury here. Cf. People v. Serrano, 200 AD3d 1340, 1345 (3d Dept. 2021) (trial evidence established that asphalt used to strike victim in the head was a "dangerous instrument" because the victim actually suffered a serious physical injury), aff'd by mem., 38 NY3d 1180 (2022).[FN3]

The People respond that they have adequately pleaded the possibility of serious physical injury. For instance, because Arevalo fell forward after being struck, he could have hit his head on the ground and suffered protracted impairment as a result. People's Resp. at 5. But even assuming the causal requirement of P.L. § 10.00(13)'s dangerous-instrument definition can be satisfied in this way—not by the direct impact from the object, but instead through second-order effects—Arevalo did not hit his head on the ground, and the allegations do not suggest he was at [*5]particular risk of that injury. Again, the mere possibility that this could have happened is not enough, on these bare facts, to satisfy reasonable cause.
The cases relied upon by the People do not require a contrary outcome. In People v. Hamer, 69 AD3d 484 (1st Dept. 2010), for instance, the "unseen hard object" was described at trial as "jabbing" into the complainant's back, and the defendant also specifically claimed the object was an icepick. Id. at 484. That testimony sufficed. Here, by contrast, the accusatory instrument provides neither a description that would allow the inference of a weapon—metal, or sharp, or heavy—nor a statement by Coatl that would tend to identify the object as a weapon.
In sum, while the People need not prove their case beyond a reasonable doubt at the charging stage, see People's Resp. at 2, the reasonable-cause standard demands more—if not much more—than a mere possibility of criminal fault. Because the object here is explicitly unidentified and did not cause serious physical injury, or even circumstances that might lead to serious physical injury, the allegations of this count fall short of demonstrating reasonable cause.
* * *
For the reasons set forth above, the minimal allegations do not satisfy the relatively lenient standard for facial sufficiency. The count charging criminal possession of a weapon in the fourth degree is therefore DISMISSED as facially insufficient.[FN4]
Coatl's request for hearings is GRANTED in part and Wade/Crews/Huntley/Dunaway hearings are ordered. Any Sandoval/Molineux/preclusion issues are referred to the trial court. Coatl's request to file additional motions is DENIED subject to rights under C.P.L. § 255.20(3) to move for further leave upon good cause shown.
Dated: May 21, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:See, e.g., People v. Caba, 82 Misc 3d 1246(A), 2024 NY Slip Op. 50552(U), at *3 (N.Y.C. Crim. Ct., NY Co. 2024) (Brown, J.) (reasonable cause not established when factual allegations "describe conduct equally compatible with guilt or innocence," despite inferences that could support criminal culpability); People v. Lopez-Pierre, 43 Misc 3d 1223(A), 2014 NY Slip Op. 50759(U), at *1—3 (N.Y.C. Crim. Ct., Bronx Co. 2014) (Rodriguez-Morick, J.) (concluding that "a factual assertion that an eight-year-old child [was] left home alone" was not, without more, enough to make out endangering the welfare of a child).

Footnote 2:Because almost any object on the scene could be the "weapon," Coatl would also have no way of knowing what he must defend against, or whether this charge (or a subsequent one) violates double jeopardy—another way in which these allegations fall short of demonstrating reasonable cause. See Farrell, 2025 NY Slip Op. 02100, at *2.

Footnote 3:As with Serrano, cases where innocuous items are dangerous instruments generally involve a charged use, not just possession. See People v. Carter, 53 NY2d 113, 116—17 (1981) (collecting cases); see also, e.g., People v. Heidrich, 226 AD3d 1096, 1098 n.1 (3d Dept. 2024) (hot coffee and lit cigarette used to injure the victim were "dangerous instruments" for second-degree assault); Gallo v. Annucci, 164 AD3d 1560, 1560—61 (3d Dept. 2018) (dust broom used to attack another inmate). 

Footnote 4:This dismissal may make little difference. Because the object does not appear to have been recovered or identified, the People might not be able to meet their burden at trial, as possessory offenses rise and fall on the presence of an actual weapon. See People v. Clermont, 22 NY3d 931, 934 (2013) (observing that suppression motions are often dispositive in possession cases). It is also worth noting that while the People charged third-degree assault premised on causing physical injury, P.L. § 120.00(1), and fourth-degree criminal possession of a weapon premised on a dangerous-instrument theory, P.L. § 265.01(2), they did not charge second-degree assault premised on causing physical injury with a dangerous instrument, P.L. § 120.05(2).