People v Almonte (2026 NY Slip Op 00433)

People v Almonte

2026 NY Slip Op 00433

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Ind No. 3945/19|Appeal No. 5705|Case No. 2023-04594|

[*1]The People of the State of New York, Respondent,
vLucas Almonte, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E. A. Crowley of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 7, 2023, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of five years of probation, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024] ). The evidence supports the inference that the object in the bag with which defendant struck the victim was readily capable of causing serious physical injury under the circumstances of its use (see People v Carter, 53 NY2d 113, 116 [1981]; Matter of Tyreek G., 84 AD3d 592[1st Dept 2011]). There is no requirement that the People prove what the object was in order to establish the use of a "dangerous instrument" (see People v McBride, 203 AD2d 85, 86 [1st Dept 1994], lv denied 83 NY2d 912 [1994]; see also People v Hamer, 69 AD3d 484, 484-485 [1st Dept 2010], lv denied 15 NY3d 750 [2010]). The evidence also established that the dangerous instrument caused the victim's injuries.
Although the court initially denied defendant's request for a justification charge, in response to a jury note asking about self-defense, the court offered to instruct the jury on the elements of justification. Codefendant's counsel declined the offer, and defendant's counsel said nothing. Thus, defendant's claim that the court should have given a justification charge is unpreserved (see People v Bright, 261 AD2d 192, 193 [1st Dept 1999], lv denied 93 NY2d 967 [1999]), and we decline to review his claim in the interest of justice. As an alternative holding, the court providently denied defendant's initial request for a justification charge where there was no reasonable view of the evidence, viewed in the light most favorable to the defendant, that would support that charge (see People v Garcia, 59 AD3d 211,212 [1st Dept 2009], lv denied 12 NY3d 853 [2009]; People v Perez, 308 AD2d 359, 360 [1st Dept 2003], lv denied 1 NY3d 577 [2003]). The victim did not physically menace defendants or make any verbal threats, and defendant had no reason to think that the victim, who had previously engaged only in verbal, non-physical conflicts with defendants, would attack them. Further, because defendant was the initial aggressor, he was not entitled to a justification charge (Penal Law § 35.15[1][b]).
Defendant has not preserved any of his claims regarding the audio portion of the video admitted into evidence, the interpreter of the Spanish language remarks on the audio, or the court's response to a jury note regarding translation of the audio, and we decline to review his claims in the interest of justice. As an alternative holding, we reject his claims on the merits. The court did not abuse its discretion in admitting the audio portion of the video, even though only parts of it were audible and intelligible (see People v Colon, 176 AD3d 419, 420 [1st Dept 2019], lv denied 34 NY3d 1077 [2019]; People v Rivera, 257 AD2d 172, 176 [1st Dept 1999], affd 94 NY2d 908 [2000]; see also People v Dalton, 164 AD3d 1645, 1645 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]). The audio constituted critical evidence that presented a sufficient context that the jurors would not need to speculate to understand its significance. The court properly admitted the court translator's partial interpretation of the audio, where he translated only one phrase — "open the door" — and never expressed an inability to understand that phrase.
Finally, the court provided a meaningful response to the jury note in which the jury reported that several jurors heard defendant twice say "Botellaso," and asked for a translation of the word from the court translator (see People v Aguilar, 41 NY3d 335, 338 [2024]; People v Almodovar, 62 NY2d 126, 131 [1984]). The jurors' note indicated that they understood that they were not permitted to deliberate based on a translation by their fellow jurors, where the note asked to have the additional word "translated by court translators," and by instructing the jury that it had to "decide this case on the evidence that came out at trial," the court conveyed that the word in the jury's note was not evidence on which the jury could rely in reaching a verdict. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026