People v Tavares
2026 NY Slip Op 03744
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Sandra Tavares, Defendant-Appellant.

Decided and Entered: June 11, 2026
Ind No. 3945/19|Appeal No. 6867|Case No. 2023-04233|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Benjamin Welikson of counsel), and Davis Polk & Wardwell LLP, New York (Matthew Stratis Vasilakos of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E. A. Crowley of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 7, 2023, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing her to an aggregate term of five years of probation, unanimously affirmed.
As we concluded on codefendant's appeal (People v Almonte, 245 AD3d 655, 656 [1st Dept 2026]), although the court initially denied defendant's request for a justification charge, defendant's counsel declined the court's subsequent offer, in response to a jury note asking about self-defense, to instruct the jury on the elements of justification. Thus, defendant's claim that the court should have given a justification charge is unpreserved (see id.; People v Bright, 261 AD2d 192, 193 [1st Dept 1999], lv denied 93 NY2d 967 [1999]), and we decline to review her claim in the interest of justice. As an alternative holding, the court providently denied defendant's initial request for a justification charge where there is no reasonable view of the evidence, viewed in the light most favorable to the defendant, that would support that charge (see Alomonte, 245 AD3d at 656; People v Garcia, 59 AD3d 211,212 [1st Dept 2009], lv denied 12 NY3d 853 [2009]; People v Perez, 308 AD2d 359, 360 [1st Dept 2003], lv denied 1 NY3d 577 [2003]). The victim did not physically menace defendant or make any verbal threats, and defendant had no reason to think that the victim, who had previously engaged only in verbal, non-physical conflicts with defendant, would attack her. Further, because codefendant Almonte was the initial aggressor, defendant, who was acting in concert with Almonte, was not entitled to a justification charge (see Penal Law § 35.15[1][b]; Almonte, 245 AD3d at 656).
[*2]
Defendant has not preserved her challenge to the court's response to a jury note regarding translation of the audio portion of a video admitted into evidence, and we decline to review her claim in the interest of justice (see Almonte, 245 AD3d at 656). As an alternative holding, we reject her claim on the merits. As we explained in Almonte, the court provided a meaningful response to the jury note in which the jury reported that several jurors heard Almonte twice say "Botellaso" during the audio portion of the video, and asked for a translation of the word from the court reporter (see id. at 657; People v Aguilar, 41 NY3d 335, 338 [2024]; People v Almodovar, 62 NY2d 126, 131 [1984]). The jurors' note indicated that they understood that they were not permitted to deliberate based on a translation by their fellow jurors, where the note asked to have the additional word "translated by court translators." By instructing the jury that it had to "decide this case on the evidence that came out at trial," the court conveyed that the word in the jury's note was not evidence on which the jury could rely in reaching a verdict (see Almonte, 245 AD3d at 657). Finally, to the extent that defendant incorporates by reference codefendant's challenges to the admission into evidence of the audio portion of the video and the partial translation of the audio by the Spanish language interpreter, her claims are unpreserved and unavailing (id. at 656-657).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026